UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LINSEY GROESBECK, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 6:13-CV-00003 |
| | § | |
| BUMBO INTERNATIONAL TRUST | § | |
| F/K/A JONIBACH MANAGEMENT | § | |
| TRUST, *et al*, | § | |

Defendants.

## MEMORANDUM AND ORDER

This is a product liability action involving the Bumbo Baby Seat, an infant seat manufactured by Defendant Bumbo International Trust and sold by Defendant Wal-Mart Stores, Inc.  Plaintiffs brought this action after their infant daughter flipped out of a Bumbo Baby Seat that was placed on the kitchen counter and fell to the floor, sustaining long-term and debilitating injuries.  Bumbo, a South African entity, has filed a motion to dismiss asserting three jurisdictional challenges: (1) lack of personal jurisdiction; (2) improper service of process; and (3) improper venue.  Additionally, after prompting from the Court, Bumbo has alternatively sought to transfer venue to Utah—where the Groesbecks reside and the injury occurred—on convenience grounds.  Having reviewed the parties' briefs, the evidence, and the law, the Court determines that transfer is appropriate.  Accordingly, Bumbo's Motion to Dismiss is **DENIED**, but its Supplemental Brief

Regarding Transfer of Venue is **GRANTED IN PART** to the extent it seeks transfer of venue to the District of Utah.

## I.   BACKGROUND

The Bumbo Baby Seat is a molded foam infant seat that is designed, manufactured, and sold by Bumbo.  The Groesbecks, residents of Hyde Park, Utah, claim to have purchased a Bumbo Baby Seat at a Wal-Mart in North Logan, Utah, in 2010.  They allege that on June 24, 2012, their infant daughter was placed in the seat on the kitchen counter next to her father and, suddenly and without warning, flipped out of the seat and fell onto the hard floor.  Doctors at Logan Regional Hospital discovered multiple skull fractures and an epidural hematoma before sending the infant by life-flight to Salt Lake City, where physicians performed a life-saving craniotomy.  According to the Groesbecks, the fall had debilitating effects and their daughter will likely require medical treatment for the rest of her life.

Although the injury occurred in Utah and the Groesbecks reside there, the Groesbecks brought this action in Texas, where they contend Bumbo has its most significant contacts in the States.  The Groesbecks served process on Bumbo through the secretary of state under Texas's long-arm statute.  Docket Entry No. 8. Bumbo challenges jurisdiction, arguing that it lacks the required contacts with Texas for the Court to exercise general jurisdiction.  It further challenges the

Groesbecks' service of process, on the ground that it cannot be served under the long-arm statute because the claims do not arise out of business done in Texas. Finally, Bumbo challenges venue, both as improper under 28 U.S.C. section 1391 and as inconvenient under 28 U.S.C. section 1404.

## II.   PERSONAL JURISDICTION

Whether this Court has general jurisdiction over Bumbo depends on whether Bumbo's "affiliations with [Texas] are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Goodyear Dunlop Tires Ops. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  The Court has addressed this issue in great detail in its Memorandum & Order, also issued today, in *Hess v. Bumbo*—a case involving allegations against the same Bumbo defendant regarding a similar accident that occurred in Arizona.  *See Hess v. Bumbo*, No. 6:12-cv-00040, Docket Entry No. 20 (S.D. Tex. June 20, 2013).  The Court determined that Bumbo is subject to general jurisdiction in Texas based largely on its relationship with its Texas-based distributor, which not only was Bumbo's exclusive importer and distributor at times, but also played an active role in Bumbo's U.S. product recall.  *Id.* at 6–15. Nonetheless, the Court noted that the question of general jurisdiction was "a close call."  *Id.* at 6.

Given the difficult nature of the personal jurisdiction issue, the Court avoids it in this case and, as explained below, transfers the matter to the District of Utah, where Defendants have conceded personal jurisdiction exists.  *See* Docket Entry No. 20 at 13:15–14:1 ("Bumbo doesn't plan to challenge personal jurisdiction [in Utah].").  It is well established that a court may order a convenience transfer before addressing personal jurisdiction.  *See* 1 Hon. David Hittner et al., *Federal Civil Procedure Before Trial, 5th Circuit Edition* ¶ 4:772 (2011) ("A court need not have personal jurisdiction over the defendant before transferring the action to another, more convenient district under § 1404(a)." (citations omitted)); *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001) ("The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants." (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962))); *Turner v. Harrah's New Orleans Hotel & Casino*, No. CV 10-5879-PA (PLA), 2011 WL 1666925, at *3 (C.D. Cal. Apr. 7, 2011) (exercising "its discretion to first consider the issue of venue because a substantial dispute concerning the proper exercise of personal jurisdiction is avoided" and collecting cases); *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1057 (N.D. Ill. 2002) (discussing the avoidability of difficult personal jurisdiction and improper venue issues because the court has the power to transfer an action in the interest of justice).

## III.   IMPROPER VENUE

Bumbo also contends that venue is improper in the Southern District of Texas.   "[I]n diversity actions with a single corporate defendant, venue is essentially synonymous with personal jurisdiction."   *Spherion*, 183 F. Supp. 2d at 1057.   This is because the venue statute allows a plaintiff to bring a suit in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."   28 U.S.C. § 1391(b); *see also* 14D Wright, Miller & Cooper, *Federal Practice & Procedure* § 3802 (3d ed. 2007) (noting that the venue statute "has the effect of nearly eliminating venue restrictions in suits against corporations").   Because the question of venue under section 1391 presents the same close call as personal jurisdiction, the Court exercises its discretion to avoid it and transfer the action in the interest of justice, whether or not venue is proper here.   *See Spherion*, 183 F. Supp. 2d at 1057 (avoiding difficult venue issue and transferring action under section 1404(a)).

## IV.   SERVICE OF PROCESS

For the reasons set out in the Court's Memorandum & Order issued today in *Hess v. Bumbo*, the Court finds that the Groesbecks' service of process on the secretary of state was proper.[1]   *See Hess v. Bumbo*, No. 6:12-cv-00040, Docket Entry No. 20 at 16–17.

---

[1] Whether the Court may avoid service of process in the same way that it avoids personal

## V.    SECTION 1404(a) VENUE TRANSFER

### A.  Standard for Transferring Venue

That brings the Court to the transfer analysis that makes a ruling on most of the previously discussed issues unnecessary.  Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience.  *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  As a general matter, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  But "when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice."  *Rimkus Consulting*

---

jurisdiction and improper venue is unclear.  While at least one court has done so, *see Harris v. Sandler*, No. 76 Civ. 930, 1978 WL 947, at *1 (S.D.N.Y. Apr. 14, 1978), such authority pales in comparison to what exists regarding avoidance of personal jurisdiction inquiries.  On one hand, it would be illogical for a court to transfer a defendant who had not been served with process to an alternative venue.  On the other hand, the reasoning that allows a court lacking personal jurisdiction to transfer venue may also apply in the improper service of process context.

*Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (collecting cases); *see also In re Horseshoe Entm't.*, 337 F.3d 429, 434–35 (5th Cir. 2003) (diminishing importance of plaintiff's choice of forum when operative facts are unrelated to the forum); *Gapp v. Linde Gas N. Am., LLC*, No. H-10-CV-4642, 2011 WL 1770837, at *3 (S.D. Tex. May 9, 2011) (noting that nonresident plaintiff's choice of forum is "entitled to little deference" in case involving product liability claims).

The application of section 1404(a) is a two-part process.  The court must first determine whether the judicial district to which transfer is sought is a district in which the claim could have been filed.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).  If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), by weighing a number of private and public interest factors, none of which are given dispositive weight.  *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).  Specifically, the Fifth Circuit has articulated the factors as follows:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case;

and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

### B.  Analysis

Applying the above principles to the present facts, the Court first finds that the Groesbecks' claim could have originally been filed in the District of Utah. Given that the Bumbo seat was purchased in Utah and the accident occurred there, the District of Utah is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and thus venue would be proper under section 1391(b)(2).  28 U.S.C. § 1391(b)(2).  Moreover, Bumbo concedes that the District of Utah would be able to exercise specific personal jurisdiction over it.  *See* Docket Entry No. 20 at 13:15–14:1; *see also* 28 U.S.C. §§ 1391(b)(1), (c)(2) (allowing venue against a defendant corporation in any judicial district in which such defendant is subject to the court's personal jurisdiction).

The next step is applying the *Volkswagen* private and public interest factors. The first private interest factor—the relative access to sources of proof—does not weigh heavily in the Court's analysis, but weighs slightly in favor of transfer. Many of the documents are located outside of Texas and Utah—such as many of Bumbo's documents, which are presumably in South Africa, and many of Wal-Mart's documents, which are presumably in Arkansas.  The Groesbecks' daughter's medical records are located in Utah, where she has received extensive

medical treatment, but, as Plaintiffs points out, many of those records have already been subpoenaed and provided to Bumbo. Nonetheless, the Groesbecks' daughter is continuing to receive medical treatment in Utah, and any future discovery of that material would be more easily undertaken in Utah.

The second private interest factor—the availability of compulsory process to secure witness attendance—also favors transfer to Utah. Plaintiffs correctly note that this Court, unlike the District of Utah, would be able to use compulsory process to secure the attendance at trial of members of Bumbo's Texas-based distributor. However, that is outweighed by the fact that numerous nonparty witnesses reside in and would be subject to compulsory process in the District of Utah, including (1) medical providers at the hospital where the minor received treatment following her fall; (2) the medical providers involved in the ongoing medical treatment of the minor; and (3) individuals who regularly interact with the minor, such as relatives, daycare providers, teachers, and family acquaintances. In comparison, the only likely witness from the Texas-based distributor is Mark Buchanan, the company's Vice-President at the time of the recall.

The third private interest factor—the cost of attending trial for willing witnesses—likewise supports transfer. No party witnesses reside in Texas, whereas Plaintiffs reside in Utah. And, as discussed above, more nonparty witnesses, including the infant's doctors, friends and family, live in Utah than in

Texas.  As such, a Utah-based trial would minimize the cost of attendance for willing witnesses.

The final private interest factor—all other practical problems that make trial of a case easy, expeditious and inexpensive—is the only factor that weighs in favor of this Court keeping the case.  Eight product liability actions against Bumbo have been filed in the Victoria Division of the Southern District of Texas.  Retaining jurisdiction could potentially have efficiency advantages by allowing the parties to retain fewer lawyers[2] and avoiding inconsistent rulings.  But even if such efficiency gains would result from this case remaining in the Southern District of Texas, the other factors outweigh any efficiency gains obtained by keeping the action in this Court.

The most compelling of those factors warranting transfer are the public interest ones, especially the interest in having localized interests decided at home.  Utah clearly has a stronger interest than Texas in hearing a case involving allegations that an unsafe product was sold in Utah, to Utah residents, and caused debilitating injuries to an infant in Utah.  If a Texas jury were to hear the matter, it would likely wonder why it was called to decide a case in which the injured party resides in Utah, the product was purchased in Utah, and the accident occurred in

---

[2] While the efficiency advantages may be relevant to the transfer analysis, the mere location and convenience of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue."  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

Utah.  This factor weights strongly in favor of transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d at 317–18 (finding that the local interest factor in a product liability action favored transfer to the forum where the accident occurred and the plaintiffs resided and finding that the fact that the product was available in the home forum was of little weight).

The other public interest factors do not weigh heavily in the Court's calculus.  The Southern District of Texas is a slightly more congested forum, with 605 cases pending per judge, as opposed to 447 cases pending per judge in the District of Utah; but, civil cases reach disposition roughly two months faster in the Southern District of Texas than in the District of Utah.  *See Federal Court Management Statistics:   September   2012,   U.S.   Courts*, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/districtcourts-september-2012.aspx (last visited June 13, 2013).  With respect to the third public interest factor, Utah law would govern the case, though the parties do not identify any novel or difficult legal questions.  The final public interest factor—the avoidance of unnecessary conflict of law problems—is irrelevant to the Court's analysis.

When viewed as a whole, Utah's local interest in adjudicating the matter, the location of the evidence, the availability of compulsory process to secure attendance of nonparty witnesses, and the lower cost of attendance for willing

witnesses outweigh any efficiency that would be gained by retaining the case in the same Division in which other plaintiffs have sued Bumbo for similar injuries. Therefore, the Court finds transfer to be appropriate under section 1404(a).

## VI.  CONCLUSION

For the reasons above, Defendant's Motion to Dismiss (Docket Entry No. 9) is **DENIED**.  The Court avoids ruling on the difficult issues of whether it has personal jurisdiction over Bumbo or whether the Southern District of Texas is a proper venue, and finds that service of process was proper.  The Court instead **GRANTS IN PART** Defendant's Supplemental Brief Regarding Transfer of Venue (Docket Entry No. 13) to the extent it seeks transfer to the District of Utah. This action is transferred to the United States District Court for the District of Utah.  The Court will enter a separate order of transfer.

**SIGNED** this 20th day of June, 2013.

_____
Gregg Costa
United States District Judge