IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| **LINSEY GROESBECK and NICHOLAS GROESBECK, individually and as next friends and guardians of A.G., a minor,**<br><br>Plaintiffs,<br><br>v.<br><br>**BUMBO INTERNATIONAL fka JONIBACH MANAGEMENT TRUST, and WAL-MART STORES, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 1:13-cv-00090**<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Wal-Mart Stores Inc.'s ("Wal-Mart") motion for a Protective Order regarding Linsey Groesbeck and Nicholas Groesbeck's (collectively, "Plaintiffs") Notice of Deposition under rule 30(b)(6) of the Federal Rules of Civil Procedure.[2]

The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 62.

[2] See docket no. 57.

## **RELEVANT BACKGROUND**

This is a products liability action arising from injuries sustained by Plaintiffs' child after she allegedly fell from the kitchen counter in her home while seated in a "Bumbo Seat". Plaintiffs purchased the "Bumbo Seat" through a Wal-Mart Retail Store and are suing Bumbo International Trust ("Bumbo") and Wal-Mart. Plaintiffs requested a deposition of Wal-Mart under Rule 30(b)(6). In conjunction with the 30(b)(6) deposition, Plaintiffs supplied a list of topics to Wal-Mart. The parties' counsel conducted a "meet-and-confer" but were unable to reach an agreement on the second area of inquiry, which is the subject of this motion. Specifically, the second area inquiry is listed as follows:

2. Wal-Mart's marketing of the Bumbo Seat from the first date Wal-Mart began marketing it through the present, including but not limited to the following:

   a. Information and materials that Bumbo provided to Wal-Mart regarding the Bumbo Seat;

   b. Information and material that Wal-Mart obtained, regardless of the source, concerning the Bumbo Seat;

   c. Information or marketing that Wal-Mart provided to consumers regarding the Bumbo Seat;

   d. Information contained on Wal-Mart's website related to the Bumbo Seat;

   e. Wal-Mart's review of the Bumbo Seat's box and marketing materials in conjunction with Wal-Mart's purchase of the Bumbo Seat for sale to consumers;

   f. Wal-Mart'[s] evaluation of and changes to the Bumbo Seat's [b]ox and marketing materials.

Wal-Mart then filed the instant motion for a protective order to preclude Plaintiffs from asking any questions regarding Wal-Mart's marketing of the Bumbo Seat.

## ANALYSIS

Wal-Mart argues that Plaintiffs' questions are not relevant to the claims against them and are therefore not reasonably calculated to lead to admissible evidence. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court is not persuaded by Wal-Mart's argument. Wal-Mart cites several cases to support their relevance argument.  *See, e.g.*, *Cross v. Wyeth Pharm., Inc.*, No. 8:06-CV-429-T-23AEP, 2011 WL 2517211, at *4 (M.D. Fla. June 23, 2011). However, all of the cases cited by Wal-Mart deal with the *admissibility* of evidence at trial, not its discoverability. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).  The court concludes that information and materials exchanged between Wal-Mart and Bumbo for marketing purposes may contain information relevant to both affirmative claims by Plaintiffs as well as any defenses that may be presented by Wal-Mart.

For the above stated reasons, Wal-Mart's Motion for Protective Order regarding Plaintiffs' 30(b)(6) Notice of Deposition is **DENIED**.

**IT IS SO ORDERED**.

DATED this 27th day of January, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge