IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| **LINSEY GROESBECK and NICHOLAS GROESBECK, individually and as next friends and guardians of A.G., a minor**<br><br>Plaintiffs,<br><br>v.<br><br>**BUMBO INTERNATIONAL TRUST f/k/a JONIBACH MANAGEMENT TRUST, JONIBACH PTY, LTD. f/k/a BUMBO PTY LTD., and WAL-MART- STORES, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  1:13-CV-00090<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Bumbo International Trust and Wal-Mart Stores, Inc. (collectively, "Defendants") motion to reopen fact discovery.[2]  Linsey and Nicholas Groesbeck (collectively, "Plaintiffs") oppose the motion.

The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 62.

[2] *See* docket no. 95.

## RELEVANT BACKGROUND

This case arises out of an incident in which Plaintiffs' child ("A.G.") allegedly fell out of a "Bumbo" seat and off of the kitchen counter, landing face first on the floor, resulting in serious injury to A.G.  A.G.'s father took the child to Logan Regional Hospital where A.G.'s mother worked as a nurse.  A.G. was transported to Primary Children's Medical Center for emergency surgery performed by Dr. Jay Riva-Cambrin.

On June 24, 2012, Dr. Riva-Cambrin wrote in A.G.'s Pediatric Neurosurgical Progress Note that A.G. "was in a [Bumbo Seat] on top of the counter and we think her brother may have pushed the seat with his feet and she fell backwards on to a concrete floor."[3]  A Consultation Report dated that same day notes that A.G. was on the "kitchen counter on a [Bumbo Seat] this morning.  When, per report, the dad turned his head for a moment, the 2-year-old sibling who was playing with her, pulled her off of the [seat] which slipped off of the counter and she fell and hit her head."[4]  Defendants questioned Dr. Riva-Cambrin about these notations, but he was unable to recall the source of this information.  Defendants also asked A.G.'s mother about this during her depositions, but she denied making such statement.  Her testimony was that she did not know how A.G. fell; she did not know whether she was pushed or whether she just threw herself out—all she knew was that A.G. fell.

On July 23, 2014, the court granted a motion to extend the fact and expert discovery deadline and set the deadline to September 15, 2014.  On September 2, 2014, the Clerk of the Court apparently received an anonymous letter via U.S. mail from a person calling him/herself

---

[3] Docket no. 95-1 at 5.

[4] Docket no. 95 at 2-3.

the "Truth Seeker."  The letter claimed that A.G.'s mother told some of her co-workers at Logan Regional Hospital that A.G.'s older sibling was "scooting across the counter and pushed or kicked the seat with [A.G.] in it from the counter."[5]  The author of the letter claims that employees in Emergency, Cardiology, Echocardiography, Nuclear Cardiology, and the Cath Lab may have been told this by A.G.'s mother.  Defendants now seek to reopen fact discovery for the limited purpose of investigating the allegation in the letter.

## ANALYSIS

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  In determining whether or not to reopen discovery, the court recognizes that it must strike "a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the other."  *Mann v. Fernandez*, 615 F.Supp.2d 1277, 1284 (D.N.M. 2009).  Most importantly, the court acknowledges that "full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve—advancing the quest for truth.'"  *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, No. 02-1146 JB, 2007 WL 1306560, at *2 (D.N.M. Mar. 12, 2007) (quoting *Taylor v. Illinois*, 484 U.S. 400, 430 (1988)).

The allegation made against Plaintiffs in the letter is serious and could ultimately affect the outcome of this entire case.  As such, the court has carefully considered both the letter and the briefs submitted by each party in reaching its decision.  The court weighs the following six factors in determining whether to grant Defendants' motion to reopen discovery:

---

[5] Docket no. 95-4.

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d at 169.  Because the parties agree that trial is not imminent, the court finds that this factor weighs in favor of granting the motion.  The court also finds that the motion is opposed and accordingly finds that this weighs in favor of denying the motion.  Neither factor is determinative in the court's final decision.

### A.  Prejudice to the Non-Moving Party

Plaintiffs claim that they will suffer prejudice if fact discovery is reopened because the trial will be unduly delayed.  Both parties have stipulated that trial is not imminent. A delay of six to seven weeks as requested by Defendants is not likely to prejudice Plaintiffs in a case that has already spanned over two years.  Plaintiffs further assert they will suffer prejudice because the letter is anonymous and Defendants have yet to name any individuals they plan to depose. While the number of depositions is not evident at this point, Defendants have outlined a plan to make this discovery as efficient as possible by serving targeted discovery on Logan Regional Hospital in order to identify the individuals working around the time of this incident in the specific departments identified in the "Truth Seeker" letter and subsequent short depositions of these individuals.  Furthermore, there are two pending motions for summary judgment scheduled to be heard by Judge Benson in May, as well as six pending expert challenges.  Because trial is not imminent, and the discovery sought is specific and targeted, Plaintiffs have failed to demonstrate that they will suffer prejudice if fact discovery is reopened.

4

### B.  Diligence of Defendants and Foreseeability

Plaintiffs claim that because Defendants had access to A.G.'s medical chart from the beginning of the discovery, they were not diligent in seeking to depose medical personnel on the possibility of A.G. having been pushed.  However, Defendants are seeking to depose friends and coworkers of A.G.'s mother regarding comments she may have made about A.G.'s injury, not medical professionals who treated A.G.  The need for this discovery did not come to light until the letter was received by the Clerk of the Court and forwarded to Defendants.  The court finds no lack of diligence in this instance.  Furthermore, when Defendants were made aware of the letter they contacted Plaintiffs with a discovery plan in a timely manner.  Had Plaintiffs agreed to the request at that time, this discovery would already be completed.  Plaintiffs' refusal to agree to the discovery plan does not result in a lack of diligence for Defendants.

### C.  Likelihood that Discovery will lead to Admissible Evidence

Plaintiffs assert that the information sought is not relevant and therefore is inadmissible. Defendants accurately frame this issue in their reply,

> Plaintiffs argue that this discovery will not lead to the discovery of admissible evidence because the people Defendants seek to depose are not A.G.'s medical providers. But again Plaintiffs miss the point.  The issue here isn't what [Plaintiffs] told A.G.'s medical providers, but rather what [A.G.'s mother] said to the people with whom she works. It does not matter whether or not these people are A.G.'s medical providers. If [Plaintiffs] spoke to them about how the incident occurred, they possess discoverable information.[6]

This is not a "fishing expedition" as Plaintiffs claim.  The allegation made by the "Truth Seeker" is very serious and, if it has merit, will substantially affect the outcome of this case. Defendants would be remiss if they did not investigate such a claim.

---

[6] Docket 107, page 6.

Based on the foregoing, the court concludes that the factors set forth in *Smith* weigh in favor of reopening fact discovery for the limited purpose of investing the allegations made in the letter.  *See Smith*, 834 F.2d at 169.  Accordingly, Defendant's motion to reopen fact discovery is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 14th day of April, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge